Beier, J., concurring:
I agree with the majority's ultimate outcome and much of its reasoning on this case. Still, I must write separately because I cannot agree with its application of our Rule 8.03 (2018 Kan. S. Ct. R. 53)-soon to be amended for overdue clarification and improvement-to prevent consideration of other issues the defendant pursued before the Court of Appeals. Ultimately these other issues cannot carry the day for the defendant, but I believe he has a right to have them analyzed by the full court.
Under the current version of Rule 8.03(h)(1), this court may choose when it grants a petition for review to limit the issues it will consider. We did not make that choice in this case. In such a situation, as quoted by the majority, "the issues before the Supreme Court include all issues properly before the Court of Appeals which the petition for review ... allege[s] were decided erroneously by the Court of Appeals." In addition, the rule provides, "In civil cases, the Supreme Court may, but need not, consider other issues that were presented to the Court of Appeals and that the parties have preserved for review." (2018 Kan. S. Ct. R. 56.)
As the majority also acknowledges, defendant Brian L. DeBrot, M.D., filed a petition for review that specifically said that he believed "all of the issues raised in this appeal should be considered." He then said that specific issues "particularly" merited review. It is only this latter set of issues that the majority is willing to entertain.
The majority is correct that DeBrot failed to "list, separately and without argument," the issues that did not fall into the category of "particularly" meriting review as "additional issues decided by the district court which were presented to, but not decided by, the Court of Appeals, which the petitioner wishes to have determined if review is granted" under Rule 8.03(a)(4)(C) (2018 Kan. S. Ct. R. 54). But I do not think that this minor deviation is deserving of the ultimate punishment of being ignored. It may be a bit inconvenient for us to review DeBrot's brief filed before the Court of Appeals and the panel's decision to determine the additional issues his petition for review was referring to when he said he believed that "all of the issues raised in this appeal should be considered," but mere inconvenience is hardly a worthy rationale for the majority's rigidity.
Thus I would reach the merits on all of the preserved issues that DeBrot raised in the Court of Appeals. His petition for review's reference to his belief that all issues should be considered plus his list of issues "particularly" meriting review qualified under *513 Rule 8.03(a)(4)(C) (2018 Kan. S. Ct. R. 54) as a "statement of the issues decided by the Court of Appeals of which review is sought," and we should not treat certain issues as "not presented or fairly included in the petition" for review. Our procedural stinginess is simply unwarranted, particularly when we take up an issue on which the plaintiffs did not file a cross-petition, i.e., the Court of Appeals panel's decision that causation instructions were erroneous.
The additional issues on which DeBrot sought review are not nothing. They are numerous and, in at least a few cases, meritorious. They are:
• Whether a jury instruction should have been modified to say that, in a medical malpractice case, causation must be established through expert testimony.
• Whether it was error to instruct the jury that plaintiffs were not at fault as a matter of law.
• Whether plaintiffs' counsel's closing argument about DeBrot probably being rushed during Barbara Castleberry's December 19, 2007, visit because he wanted to get to a holiday party was error.
• Whether plaintiffs' counsel unnecessarily called for two bench conferences during defense counsel's closing argument.
• Whether plaintiffs' counsel's use of a denial in response to a pretrial request for admissions in an effort to impeach DeBrot was error.
• Whether plaintiffs' counsel's questions regarding informed consent were error.
• Whether it was error to permit plaintiffs' counsel to read a sentence from a letter written by an author of an article regarded by an expert witness as authoritative, when the letter was solicited by plaintiffs' counsel and was not admitted into evidence.
• Whether it was error to permit plaintiffs' counsel's cross-examination to exceed the scope of direct testimony.
• Whether several other pieces of evidence should have been excluded or lines of questioning prohibited, some because they allegedly violated limine orders; these issues focused on questioning about another doctor's personal treatment preference, a mention of DeBrot's credibility, a line of questioning about conversations between defense counsel and a defense expert, an expert's reference to the annual number of deaths attributable to medical error, questions posed to Castleberry's son about overheard conversations among health care personnel, and other questions suggesting that there was an inappropriate relationship between DeBrot and a nurse.
• Whether 17 exhibits should have been admissible under the learned treatise exception to the hearsay rule.
• Whether cumulative error requires reversal and remand for a new trial.
The first of these issues untouched by the majority concerns the district judge's refusal to modify Instruction 8 at DeBrot's request to say that a medical malpractice case not only requires expert testimony to establish the standard of care but also to establish causation. DeBrot is correct that this is Kansas law. See Sharples v. Roberts , 249 Kan. 286, 292, 816 P.2d 390 (1991) ; Bacon v. Mercy Hosp. of Ft. Scott , 243 Kan. 303, 307, 756 P.2d 416 (1988). He is also correct that even an otherwise factually and legally appropriate instruction can be misleading and erroneous if it is incomplete. The district judge's refusal to modify the instruction was error, and the Court of Appeals panel was wrong when it employed an alternative, nonmeritorious argument made by DeBrot on this issue as a straw man to rule in plaintiffs' favor.
I would not hold that this error is reversible standing alone. My review of the trial record persuades me that causation was simply not the fulcrum of this case. Rather, it turned on identification of the standard of care and on whether DeBrot breached it. Nearly all of defense counsel's lengthy closing argument was focused on standard of care and breach; it included a very brief mention of damages near its conclusion. On causation, defense counsel was silent. He no doubt appreciated that there was never a question about Castleberry's subsequent stroke causing all of her and her heirs' damages. He correctly focused on the true question:
*514 Should DeBrot have seen the stroke coming and reacted in a way that would have prevented it or minimized its ultimately disastrous consequences?
Regarding the issue of whether plaintiffs' counsel's argument about DeBrot's probable hurry to a holiday party was error, I would agree with the Court of Appeals panel that it was. The comment was unsupported in the evidence and effectively encouraged the jury to rely on impermissible inference stacking. State v. Banks , 306 Kan. 854, 859, 397 P.3d 1195 (2017) (inference stacking prohibited); State v. Akins , 298 Kan. 592, 601, 315 P.3d 868 (2014) (error to comment on facts not in evidence). I would hold that this error is not reversible standing alone.
I would part company from the Court of Appeals on whether plaintiffs' counsel should have been permitted to read from the letter from the author of an article regarded as authoritative by an expert. A letter solicited by counsel is not a learned treatise, even if the letter is written by a learned individual whose work is respected and relied upon by an expert witness. See K.S.A. 60-460(cc) ; see also State v. Baldwin , 36 Kan. 1, 17, 12 P. 318 (1886) (authors do not write under oath; "grounds of belief and processes of reasoning cannot be tested by cross-examination"), cited in Wilson v. Knight , 26 Kan.App.2d 226, 229-30, 982 P.2d 400 (1999). Again, however, I would hold that this error is not reversible standing alone.
I would hold that additional error occurred when plaintiffs' counsel questioned Miser about his preference for whether he or a nurse performed a review of a patient's systems. The Court of Appeals initially said that the record was insufficient to support this appellate claim, but, if there was error, it was not reversible. I agree with the second part of its holding because the error was cured in part by counsel's rephrasing of a question after a defense objection; the error is not reversible standing alone.
I would also agree with the Court of Appeals that a reference to the number of deaths attributable to medical error by expert William Miser, M.D., was a violation of the district court's limine order. Again, I would hold that this error is not reversible standing alone. It was brief and isolated, and no participant in the trial ever returned to it.
This brings me to cumulative error. Walker v. Holiday Lanes , 196 Kan. 513, 520, 413 P.2d 63 (1966) (Cumulative error is to be viewed "in relation to the record in its entirety" and necessitates reversal when the "various [errors] have so permeated and tainted the entire proceedings that [a party] has been deprived of the fair trial to which every litigant is entitled.").
I would hold that the combination of the five errors I have listed with the error identified by the majority-plaintiffs' counsel's improper linkage between the verdict and whether the jury wanted "safe medicine or unsafe medicine"-does not require reversal under the cumulative error doctrine. But I think this case presents a close call, in part because I am also troubled by what a lawyer from an earlier generation might refer to at least two instances of "sharp practice" by plaintiffs' counsel. Although these instances fell short of the standard for an appellate court to identify them as legal error, they nevertheless would have had a tendency to undermine the overall fairness of the trial. Plaintiffs' counsel inappropriately questioned Castleberry's son about the fact that there were things he could not say in front of the jury, when the limitation on his testimony originated in a proper order in limine. This was too clever by half, as any alert juror would inevitably suspect that important, and possibly damning, information was being concealed. And plaintiffs' counsel's questions about any relationship between DeBrot and the nurse are simply not amenable to characterization as intended to elicit relevant evidence.
Luckert and Johnson, JJ., join the foregoing concurrence.